UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAWAN A. WARREN., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-449-PPS-AZ |
| SHARON TUCKER, et al., | |
| Defendants. | |

OPINION AND ORDER

Dawan A. Warren, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Warren is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Warren is incarcerated at the Allen County Jail. He sues 10 defendants including an unidentified "Indiana State Representative," former Indiana Department of Correction Commissioner Robert E. Carter (named as Robert C. Carter in his complaint), former Governor Eric Holcomb, Fort Wayne Mayor Sharon Tucker,

prosecutors, police officers, and a public defender. The 18-page complaint is difficult to follow and consists mainly of boilerplate language that is repeated several times. He asserts that there is a "Code of Silence" that is "enforced by the court, judges, lawyers, and prosecutors," and that high-ranking officials are "truly overlooking the corruption created by state agencies overlapping paperwork, illegal plea agreements, falsifying of enhancements, forgery, conspiracy, & utterances[.]" (ECF 1 at 3.) He claims the defendants violated his "right to EQUAL PROTECTION of the law as a citizen during questioning, investigation, interrogation, pre-arrest, arrest, arraignment, initial hearing, omnibus hearing, pre-trial hearing, trial, [and] sentencing." (*Id.* at 4.) He seeks $750,000 in damages and other relief, including an order directing the defendants to "stop falsely locking up citizens—me." (*Id.* at 18.)

Public records reflect that Warren was recently convicted of battery against a public safety official and conversion.[1] *State v. Warren,* No. 02D06-2505-F6-000799 (Allen Sup. Ct. closed Sept. 4, 2025); *State v. Warren,* No. 02D04-2406-F6-000803 (Allen Sup. Ct. closed May 23, 2025). If he is trying to challenge these convictions or obtain release from custody, he cannot do so in this civil rights case. *Preiser v. Rodriguez,* 411 U.S. 475, 488–89 (1973). This relief can only be sought through the federal habeas statute. *Id.* at 489–90.

Warren also cannot pursue a claim for damages in this civil suit based on a theory that his outstanding convictions are "false" or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018).

2

that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). His allegations regarding "invalid" plea agreements and improprieties at trial and sentencing fall into this category. Additionally, the prosecutors are immune from suit for their actions taken on behalf of the state in his criminal cases. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). One of the named defendants, Grace Vandegriff, served as his public defender, but a public defender is not a "state actor" who can be sued for constitutional violations under these circumstances. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

      A claim against police officers pertaining to wrongdoing that occurred during Warren's arrest would not necessarily be barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707–08 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). However, even giving the complaint liberal construction, I cannot infer a plausible claim of police misconduct within it. His broad accusation that police violated his rights during "arrest" and "pre-arrest" in some unspecified way is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[P]utting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim) (emphasis in original); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards).

3

He appears to be suing the high-ranking officials because of their positions. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983 and these officials cannot be held liable simply because they supervise (or supervised) employees of the state or county. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). His vague assertions do not plausibly allege the existence of a conspiracy among these state officials, municipal employees, and others. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("bare" assertion of a conspiracy is not enough to survive dismissal at the pleading stage).

He also may be trying to sue one or more of these officials under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A *Monell* claim against the state officials is unavailing because *Monell* applies to municipal actors. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Municipal officials may be held liable under *Monell* only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a [corporate] custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Warren does not satisfy these standards. First, *Monell* requires an underlying constitutional violation by a municipal employee, and at present Warren has not plausibly alleged one. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014). Second, it cannot be discerned from his complaint what the unlawful policy was that allegedly caused him injury. His vague allegations about an alleged "Code of Silence" do not suffice. Additionally, because he does not clearly describe the policy at issue, I cannot discern whether a *Monell* claim is barred by *Heck* due to his outstanding convictions.

Therefore, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Warren will be given an opportunity to file an amended complaint, if he believes he can state a plausible constitutional claim after reading this order. If he decides to replead, he does not need to include legal boilerplate and should simply explain in plain language what happened and how each defendant allegedly violated his rights.

As a final matter, along with his complaint Warren filed a motion labeled, "Motion to Joinder of Separate Actions Submitted By A Class of People To Form a Class Action." (ECF 3.) Upon review, his filing is not signed. This violates Federal Rule of Civil Procedure 11(a), which requires that every filing be signed by an attorney of record, or by the party personally if the party is unrepresented as Warren is. FED. R. CIV. P. 11(a). His signature is a certification that the filing is not being submitted for an

5

improper purpose, the factual contentions within it have evidentiary support, and the arguments are warranted by law. *See* Fed. R. Civ. P. 11(b)(1)-(4).

Aside from this procedural deficiency, it appears Warren is seeking permission to represent other inmates. However, he is not permitted to do so because there is no indication he is a licensed attorney. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). Alternatively, he may be asking to join this case with a case brought by another inmate-plaintiff.[2] Under Federal Rule of Civil Procedure 20(a)(1), "[p]ersons may join in one action as plaintiffs" if their claims arise out of the same transaction or occurrence, and their claims involve some common question of law or fact. Fed. R. Civ. P. 20(a)(1)(A)-(B). I have "considerable discretion" to decide whether joinder is appropriate. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). Warren has not yet asserted a claim that passes screening under 28 U.S.C. § 1915A. Without knowing whether he will replead and, if so, whether his claims can pass screening under 28 U.S.C. § 1915A, it is not appropriate to join this case with another case. His motion will be denied.

For these reasons, the court:

(1) GRANTS the plaintiff until **October 27, 2025**, to file an amended complaint;

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice; and

---

[2] It is not entirely clear what case he seeks to "join" with this one, but he may be referencing several cases brought by detainees at the Allen County Jail in recent months alleging the existence of a "Code of Silence" in Allen County. *See, e.g., Berry v. Tucker, et al.*, No. 1:25-CV-295-GSL-JEM (N.D. Ind closed Aug. 28, 2025).

6

(3) DENIES the plaintiff's motion (ECF 3).

SO ORDERED on September 26, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT